**V. George AMIRIANTZ, Appellant**

v.

**State of NEW JERSEY.**

No. 07–1274.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 17, 2007.

Filed: Oct. 25, 2007.

V. George Amiriantz, Atlantic City, NJ, pro se.

Zoe J. McLaughlin, Office of Attorney General of New Jersey Department of Law and Public Safety, Trenton, NJ, for State of New Jersey.

Before: SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

George Amiriantz appeals from the district court's dismissal of his complaint for failure to state a claim. For the following reasons, we will affirm the district court's judgment.

I.

On April 13, 2006, Amiriantz filed a complaint against the State of New Jersey challenging the state's newly enacted "New Jersey Smoke–Free Air Act" (the

"Act") as a violation of the Equal Protection Clause of the United States Constitution. *See* N.J. Stat. Ann § 26:3D–55, *et seq.* The Act itself prohibits smoking in virtually all enclosed indoor places of public access, workplaces, and in any area of a public or nonpublic elementary or secondary school. *See id.* at § 26:3D–58. The Act also provides for certain exemptions, one of which exempts the areas within the perimeters of casinos and casino simulcasting facilities (the "casino exemption").[1] *See id.* at § 26:3D–59(e). Amiriantz, an owner/operator of a transportation company in New Jersey, challenged this casino exemption claiming that it unconstitutionally subjects his business to an onerous regulation that the casino businesses were freed from. The State of New Jersey moved to dismiss the complaint.

On November 30, 2006, 2006 WL 3486814, the district court issued an opinion and order dismissing the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). First, the court determined that because Amiriantz had named the State of New Jersey in his complaint, rather than the state officials responsible for enforcing the Act, it was subject to dismissal under the Eleventh Amendment. *See MCI Telecomm. Corp. v. Bell Atlantic–Pa.*, 271 F.3d 491, 503–08 (3d Cir.2001); *see also Penn. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Nevertheless, permitting him the benefit of the doubt, and allowing for the possibility that Amiriantz could have

amended his complaint to name state officials with the court's permission, the court went further and discussed the merits of the equal protection claim. Citing *Schumacher v. Nix*, 965 F.2d 1262, 1269 (3d Cir.1992), the court determined that the casino exemption was entitled to rational basis review because Amiriantz failed to allege that the New Jersey Legislature's classification affected any fundamental rights. Under this standard, the court concluded, the same economic policy considerations underlying the creation of gaming areas in New Jersey also provided support for the exemption of the casinos from the Act. *See* N.J. Stat. Ann. § 5:12–1 *et seq.*

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. This court's review of a district court's dismissal under Rule 12(b)(6) is plenary. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Id.* When reviewing a Rule 12(b)(6) dismissal, we view the allegations of the complaint in the light most favorable to the plaintiff. *See Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002).

## III.

Having reviewed the parties' submissions and relevant portions of the district

---

1. New Jersey Statutes Annotated § 26:3D–59(e) exempts the area within the perimeter of:

   (1) any casino as defined in section 6 of P.L.1977, c. 110 (C.5:12–6) approved by the Casino Control Commission that contains at least 150 stand-alone slot machines, 10 table games, or some combination thereof approved by the commission, which machines and games are available to the public for wagering; and

   (2) any casino simulcasting facility approved by the Casino Control Commission pursuant to section 4 of P.L.1992, c. 19 (C.5:12–194) that contains a simulcast counter and dedicated seating for at least 50 simulcast patrons or a simulcast operation and at least 10 table games, which simulcast facilities and games are available to the public for wagering.

court record, we conclude that the district court's thorough opinion properly disposed of the constitutional argument in this case. The Equal Protection Clause requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)). If a distinction between persons does not implicate a suspect or quasi-suspect class, however, state action will be upheld if it is rationally related to a legitimate state interest. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423 (3d Cir.2000). Under this standard, an equal protection claim can be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

As the district court determined, because the casino exemption does not infringe on a fundamental right, it need only have a rational basis; we agree that it does.[2] "The Supreme Court has acknowledged the existence of a presumption in favor of the state's action in cases involving 'social or economic legislation.' . . . This presumption imposes upon plaintiffs the heavy burden of making a 'clear showing of arbitrariness and irrationality' in order to upset the legislation." *Phila. Police and Fire Ass'n for Handicapped Children, Inc. v. City of Phila.*, 874 F.2d 156, 163 (3d Cir.1989) (internal citations omitted). Such legislation "is valid unless 'the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes

that [a court] can only conclude that the legislature's actions were irrational.'" *Hodel v. Indiana*, 452 U.S. 314, 332, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981) (citing *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979)). For the reasons given by the district court, appellant failed to state a claim that the inclusion of the casino exemption within the Act was not rationally related to the achievement of a legitimate legislative purpose. Thus, we will affirm the court's judgment.

---

**2.** We agree also with the district court's conclusion that Amiriantz, as the owner/operator of a transportation company, was not similarly situated to the casinos and casino simulcasting facilities addressed under the exemption.